David August KILLE, Sr., Plaintiff–Appellant,

v.

Timothy O'BRIEN; et al., Defendants–Appellees.

No. 06–17373.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 *.

Filed Dec. 28, 2007.

David August Kille, Sr., Carson City, NV, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

### MEMORANDUM **

David August Kille, Sr., a Nevada state prisoner, appeals pro se from the district court's order dismissing for failure to state a claim his 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights by conspiring to convict him of certain crimes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Osborne v. Dist. Attorney's Office for the Third Judicial Dist.*, 423 F.3d 1050, 1052 (9th Cir.2005) (dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)); *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir.2003) (dismissal under screening provisions of 28 U.S.C. § 1915A). We may affirm on any basis supported by the record. *United States v. State of Wash.*, 969 F.2d 752, 755 (9th Cir.1992). We affirm.

The district court properly dismissed Kille's section 1983 action as *Heck*-barred because his allegations necessarily implicate the validity of his conviction, and Kille failed to prove that his conviction was reversed, expunged, or otherwise called into question. *See Heck*, 512 U.S. at 486–87, 114 S.Ct. 2364.

To the extent Kille alleges a legal injury caused by a family court judgment against him, the district court lacked subject-matter jurisdiction pursuant to the *Rooker–Feldman* doctrine because Kille's appeal amounted to a de facto appeal of a state court judgment. *See Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir.2003) (*Rooker–*

*Feldman* bars the federal plaintiff from complaining of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants).

Kille's outstanding motions are denied. No further motions will be entertained in this case.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

